IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| STEPHANIA AARON, FRANKLIN D. ANDREWS, KRISHANA ANDREWS, LAKETRIA ATKINS, OLLIE BAKER, ANGELA BANKS, OTIS BANKS, ALLEN BELL, RANDY BENNETT, CLARENCE R. BERRY, KA-IA BILLINGS, ARTIS BIVENS, STROTNEY T. BONET, LAVONYA BROWN, THELMA BROWN BETTYE BURGIE, ARDELL BURNELL, JUDY ANN BURRIS, WILLIAM A. CHAMBERS, WILLIE COBB, JR., CHATTIE H. COLEMAN, SERRETTA COOK, JACQUELINE CURLEY, TEPHANIE N. CURLEY, BOBBIE DANIELS, ELLA DAVIS, ERIC DAVIS, ROY M. DAVIS, SONYA DAVIS, DONA F. DENNIS, PERCY G. DOAKS, JR., EARNEST C. EDINGTON, EARNESTINE ELDER, GAILYN ELLIOTT, FELISHIA F. EMERSON, TOMEAKA FIELDS, CAROLYN FISHER, HERBERT FLOWERS, JR., MELODY W. FURLOW, SAUNDRA A. GALBERT, WILLIE CLYDE GEORGE, GLADYS GILBERT, JOHNNY R. GILL, LORRIA GLOSSON, FAIRYE V. GLOVER, HAZEL GOODWIN, VICTOR S. GRAY, RODERICK GREEN, SHEPHANIE HALL, ANGELA HARRIS, JAMES HARRIS, TIFFANY HARRIS, ALICE HAWTHORNE, SHARON HAY, REJENIA HILL, VIVIAN HILL, LORENZO HOLYFIELD, IRA J. HUNTER, CALVIN JACKSON, SHEKESHA JACKSON, GLORIA JENKINS, WANDA JACKSON JILES, GWENDOLYN JONES, CARNELIA JOHNSON, SHELIA JORDAN, KEVIN KILGORE, MARILYN LARRY, EVER LEAN LOGAN, RUBY J. LOVETT, JOYCE ANN MALONE, TONY MARKS, DEBORAH MARTIN, RAYMOND E. MARTIN, KATHY MAYS, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | U.S. DISTRICT COURT WESTERN DISTRICT ARKANSAS FILED AUG 2 2 2006 CHRIS R. JOHNSON, CLERK BY _____ DEPUTY CLERK<br><br>CIVIL ACTION NO. 06-1082<br>JURY DEMANDED |

| | |
|---|---|
| RALPH MCDOWELL, JR., WILLIE FAYE MCGRAW, KIMBERLY K. MEADOWS, RAYMOND MILLER, CONNIE M. MITCHELL, WILLIE M. MOORE, DANNY NELSON, DENISE NELSON, DAREN PACE, JAMES PALMER, VALERIA RADFORD, SANDRA RANDLE, DEMETRIA L. RAYBON, MELISSA A. REEDY, MARY A. REYNOLDS, ROBERT REYNOLDS, MARQUISHA L. RHODES, YASMEEN ROBINSON, SHEILA A. ROGERS, AMBAR SANTIAGO, VIRGIL SAPP, MARQUITA SCRUGGS, TOMMIE SHELTON, ALICE J. SHEPHARD, CHESTER SHUTES, JUSTIN SHUTES, BRENDA SMART, AUDRA SMITH, CALVIN SMITH, CONNIE D. SMITH, FREDERICK A. SMITH, BENNIE STRICKLEN, CHARLES STRINGFELLOW, VIRGINIA RUTH STRINGFELLOW, ELLEN M. SWINEY, VENEATER TAYLOR, LATRISHA M. THORN, LONNIE TRAYLOR, FELICIA WALKER, JEFFREY WESLEY, MICHAEL WHITE, VERSHAWNA S. WHITE, KARLA R. WILLIAMS, KENNETH R. WILLIAMS, LARRY WILLIAMS, JR., BEULAH M. WILLIS AND LATRENDA WILLIS On behalf of THEMSELVES and All Others Similarly Situated | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |
| VS. | § § § § § |
| PILGRIM'S PRIDE CORPORATION | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1. Pursuant to 29 USC § 207 ("FLSA"), the above-named Plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Pilgrim's Pride Corporation. Pursuant to 29 USC § 216(b), the named Plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action. The named Plaintiffs also seek to represent all other similarly situated employees in Texas, Louisiana, Arkansas, Alabama, Georgia, Virginia, Tennessee, North Carolina, West Virginia and Kentucky, as described herein, who have not been paid for hours worked and overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid hours worked, unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2. Plaintiffs, Stephania Aaron, Franklin D. Andrews, Krishana Andrews, Laketria Atkins, Ollie Baker, Angela Banks, Otis Banks, Allen Bell, Randy Bennett, Clarence R. Berry, Ka-ia Billings, Artis Bivens, Strotney T. Bonet, LaVonya Brown, Thelma Brown, Bettye Burgie, Ardell Burnell, Judy Ann Burris, William R. Chambers, Willie Cobb, Jr., Chattie H. Coleman, Serretta Cook, Jacqueline Curley, Tephanie N. Curley, Bobbie Daniels, Ella Davis, Eric Davis, Roy M. Davis, Sonya Davis, Dona Dennis, Percy G. Doaks, Jr., Earnest C. Edington, Earnestine Elder, Gailyn Elliott, Felishia F. Emerson, Tomeaka Fields, Carolyn Fisher, Herbert Flowers, Jr., Melody W. Furlow, Saundra A. Galbert, Willie Clyde George, Glaydys Gilbert, Johnny R. Gill, Lorria Glosson, Fairye Vernice Glover, Hazel Goodwin, victor S. Gray, Roderick Green,

Stephanie Hall, Angela Harris, James Harris, Tiffany Harris, Alice Hawthorne, Sharon Hay, Rejenia Hill, Vivian Hill, Lorenzo Holyfield, Ira J. Hunter, Calvin Jackson, Shekesha Jackson, Gloria Jenkins, Wanda Jackson Jiles, Gwendolyn Jones, Carnelia Johnson, Shelia Jordan, Kevin Kilgore, Marilyn Larry, Ever Lean Logan, Ruby J. Lovett, Joyce Ann Malone, Tony Marks, Deborah Martin, Raymond E. Martin, Kathy Mays, Ralph McDowell, Jr., Willie Faye McGraw, Kimberly K. Meadows, Raymond Miller, Connie M. Mitchell, Lillie M. Moore, Danny Nelson, Denise Nelson, Daren Pace, James Palmer, Valeria Radford, Sandra Randle, Demetria L. Raybon, Melissa A. Reedy, Mary A. Reynolds, Robert Reynolds, MarQuisha L. Rhodes, Yasmeen Robinson, Sheila A. Rogers, Ambar Santiago, Virgil Sapp, Marquita Scruggs, Tommie Shelton, Alice J. Shephard, Chester Shutes, Justin Shutes, Brenda Smart, Audra Smith, Clavin Smith, Connie D. Smith, Frederick A. Smith, Bennie R. Stricklen, Charles Stringfellow, Virginia Ruth Stringfellow, Ellen M. Swiney, Veneater Taylor, LaTrisha M. Thorn, Lonnie Traylor, Felicia Walker, Jeffrey Wesley, Michael White, Vershawna S. White, Karla R. Williams, Kenneth R. Williams, Larry Williams, Jr., Beulah M. Willis and LaTrenda Willis are individuals residing in Arkansas and are/were employed at the Pilgrim's El Dorado, Arkansas plant. Each named Plaintiff's written consent to this action is filed with the Court as Exhibit A. The Plaintiffs bring this action individually on their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3. Pilgrim's Pride Corporation ("Pilgrim's") is a Delaware corporation with its home office in Pittsburg, Texas and is authorized to do business in the State of Arkansas. Pilgrim's may be served by delivering a copy of the Complaint to its registered agent, The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

4. This court has jurisdiction by virtue of 28 U.S.C. §1331. The Defendant's El Dorado, Arkansas plant where Plaintiffs are/were employed is located within the Western District of Arkansas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq. Venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Western District and the El Dorado Division.

## FACTS

5. Since April 1, 2003, Plaintiffs have been employed at Pilgrim's chicken production facilities located in El Dorado, Arkansas. The Plaintiffs' jobs required that they put on or "don" protective clothing in preparation for his performance of their duties. At the end of their shift, Plaintiffs are required to take off or "doff" the same protective clothing. The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6. The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' jobs as required by Pilgrim's and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into and clean sanitary and safety related uniforms and work clothes required by Pilgrim's to be worn while working and which cannot be taken off the premises, changing into the company owned sanitary

and safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in walking/traveling to the designated locker room area to change out of and clean sanitary and safety related uniforms and work clothes required by Pilgrim's to be worn while working and which cannot be taken off the premises, changing out of the company owned sanitary and safety related uniforms and work clothes, and walking/traveling from the designated locker room area through security devices strictly and solely for the benefit of the employer Pilgrim's before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes. The Plaintiffs also have incurred uncompensated donning and doffing time during their meal breaks, for which Pilgrim's automatically deducts thirty minutes from their compensated time.

7. Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Pilgrim's for the work activities described herein and for which Pilgrim's does not pay Plaintiffs for such time. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond forty (40) per week to employees in the United States in violation of the FLSA statutes referenced herein.

8. Finally, Plaintiffs claim that they were not paid the correct hourly rate or that their wages were not calculated properly.

9. Plaintiffs believe and, therefore, allege that the failure of Pilgrim's to correctly pay Plaintiffs for all compensable time spent in furtherance of Pilgrim's business was intentional.

## CLAIMS

10. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half their regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

11. Plaintiffs, in addition to their claims for actual damages, seek injunctive relief from the Court to prevent future violations of the FSLA as alleged herein. Plaintiffs urge the Court to enter a permanent injunction against Defendant directing Pilgrim's to pay all of its hourly employees for the compensable time spent all compensable time spent by its employees in furtherance of Pilgrim's business.

## COLLECTIVE ACTION

12. Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action. The named Plaintiffs are representatives of a class of employees of Pilgrim's, who were not paid for all hours worked for Pilgrim's as described herein. Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Pilgrim's as described herein.

13. All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named plaintiff. These issues include: uncompensated work time in question constituted principal activities integral and indispensable

to the performance of Plaintiffs' jobs as required by Pilgrim's and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Pilgrim's to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Pilgrim's before being allowed to exit the workplace. For the last several years, Pilgrim's has employed hundreds of employees in Texas, Louisiana, Arkansas, Alabama, Georgia, Virginia, Tennessee, North Carolina, West Virginia and Kentucky.

14.     The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Pilgrim's business was common to all hourly employees at the Pilgrim's plants in Texas, Louisiana, Arkansas, Alabama, Georgia, Virginia, Tennessee, North Carolina, West Virginia and Kentucky. The Plaintiffs' claims arise from the same course of conduct.

15.     Plaintiffs, Stephania Aaron, Franklin D. Andrews, Krishana Andrews, Laketria Atkins, Ollie Baker, Angela Banks, Otis Banks, Allen Bell, Randy Bennett, Clarence R. Berry, Ka-ia Billings, Artis Bivens, Strotney T. Bonet, LaVonya Brown, Thelma Brown, Bettye Burgie, Ardell Burnell, Judy Ann Burris, William R. Chambers, Willie Cobb, Jr., Chattie H. Coleman, Serretta Cook, Jacqueline Curley, Tephanie N. Curley, Bobbie Daniels, Ella Davis, Eric Davis, Roy M. Davis, Sonya Davis, Dona Dennis, Percy G. Doaks, Jr., Earnest C. Edington, Earnestine

Elder, Gailyn Elliott, Felishia F. Emerson, Tomeaka Fields, Carolyn Fisher, Herbert Flowers, Jr., Melody W. Furlow, Saundra A. Galbert, Willie Clyde George, Glaydys Gilbert, Johnny R. Gill, Lorria Glosson, Fairye Vernice Glover, Hazel Goodwin, victor S. Gray, Roderick Green, Stephanie Hall, Angela Harris, James Harris, Tiffany Harris, Alice Hawthorne, Sharon Hay, Rejenia Hill, Vivian Hill, Lorenzo Holyfield, Ira J. Hunter, Calvin Jackson, Shekesha Jackson, Gloria Jenkins, Wanda Jackson Jiles, Gwendolyn Jones, Carnelia Johnson, Shelia Jordan, Kevin Kilgore, Marilyn Larry, Ever Lean Logan, Ruby J. Lovett, Joyce Ann Malone, Tony Marks, Deborah Martin, Raymond E. Martin, Kathy Mays, Ralph McDowell, Jr., Willie Faye McGraw, Kimberly K. Meadows, Raymond Miller, Connie M. Mitchell, Lillie M. Moore, Danny Nelson, Denise Nelson, Daren Pace, James Palmer, Valeria Radford, Sandra Randle, Demetria L. Raybon, Melissa A. Reedy, Mary A. Reynolds, Robert Reynolds, MarQuisha L. Rhodes, Yasmeen Robinson, Sheila A. Rogers, Ambar Santiago, Virgil Sapp, Marquita Scruggs, Tommie Shelton, Alice J. Shephard, Chester Shutes, Justin Shutes, Brenda Smart, Audra Smith, Clavin Smith, Connie D. Smith, Frederick A. Smith, Bennie R. Stricklen, Charles Stringfellow, Virginia Ruth Stringfellow, Ellen M. Swiney, Veneater Taylor, LaTrisha M. Thorn, Lonnie Traylor, Felicia Walker, Jeffrey Wesley, Michael White, Vershawna S. White, Karla R. Williams, Kenneth R. Williams, Larry Williams, Jr., Beulah M. Willis, LaTrenda Willis request that they be permitted to serve as a representatives of the affected class, and this action should be certified as a collective action.

### JURY DEMAND

16. Plaintiffs, individually and as a representatives of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Pilgrim's Pride, Inc., the following:

1. The unpaid wages due to Plaintiffs;

2. Liquidated damages authorized by the applicable statutes;

3. Injunctive relief as ordered by the Court;

4. Unpaid wages due to all class members;

5. Liquidated damages to all class members;

6. Court costs;

7. Attorneys' fees; and

8. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Nicholas Patton
Nicholas Patton
Arkansas Bar No. 63035
Kelly Tidwell
Arkansas Bar No. 88061
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
(903) 792-7080
(903) 792-8233 Facsimile

William S. Hommel, Jr.
Texas Bar No. 09934250
William S. Hommel, Jr., P.C.
3304 S. Broadway, Suite 100
Tyler, Texas 75701
(903) 596-7100
(903) 596-7464 Facsimile

A. Craig Eiland  
Texas Bar No. 06502380  
2423 Market St. #1  
Galveston, Texas 77550-1593  
(409) 763-3260  
(409) 763-8154 Facsimile  

*ATTORNEYS FOR PLAINTIFFS*