IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| IN RE: PILGRIM'S PRIDE<br>FAIR LABOR STANDARDS<br>ACT LITIGATION | MDL DOCKET No. 1:07-CV-1832 HFB<br>06-1082  07-1058  07-1084  09-1043<br>07-1040  07-1059  07-1085<br>07-1041  07-1060  07-1105<br>07-1042  07-1082  07-1106<br>07-1043  07-1083  07-1107 |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

## ORDER

On this, the 2 day of April, 2010, the Court considered the Plaintiffs' Motion for Approval of the Settlement Agreement. After considering same, upon a review of the attached Settlement Agreement ("Agreement"), and a hearing on this Motion on April 2, 2010:

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED and the accompanying Agreement is APPROVED as fair, reasonable and allowable under the Fair Labor Standards Act, 29 U.S.C. §216(b).

2. Within 10 days of this Order Pilgrim's Pride Corporation ("PPC") is directed to disburse the settlement proceeds as provided in the Agreement at ¶ 5.

3. The Settlement Administrator shall forward distribution checks to the Settlement Class Members in accordance with ¶ 6.g of the Agreement as soon as practicable after May 7, 2010, when the final list of eligible workers is determined. The Settlement Administrator will include with the distribution check a notice explaining the terms and effect of the settlement in the form of the proposed notice attached as Ex. 1 to the Agreement.

4. The Settlement Administrator shall promptly mail a notice in the form set forth as Exs. C and D to the Motion, to those individuals whom PPC has identified as excluded or ineligible to participate in the settlement. PPC has informed the Court that it has not been able to confirm in its records that it employed these individuals in a covered facility and position "on or near the processing line" at any point during the three years prior to the filing of a consent form to join this action. The notice will advise these individuals that their claims will be DISMISSED from this action unless, by May 7, 2010, they provide the Settlement Administrator with the information necessary to confirm their eligibility to participate in this action.

5. The claims of the individuals above who do not provide by May 7, 2010, the necessary information to confirm their eligibility to participate in this settlement will be, and are hereby, DISMISSED.

6. The parties shall report to the Court on the status of the distribution of funds within 30 days after the distribution of all settlement checks and any remaining and unclaimed funds as provided in ¶ 6.f of the Agreement. Should any funds remain for distribution, Plaintiffs' counsel shall recommend to the Court how such funds should be disbursed and shall implement the plan the Court adopts. As soon as practicable thereafter, Plaintiffs' counsel shall take the steps necessary to conclude this action.

7. The Court will retain jurisdiction over this Action until the administration of the Agreement has concluded to address any questions or disputes that may arise.

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

APR 0 2 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

789847.1 1

Harry F. Barnes, United States District Judge